**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

ERICK RUBEN SOTO MUNIZ,

Petitioner,

v. No. 2:26-cv-03020-MLG-KRS

DORA CASTRO, in her official capacity
as Acting Warden of Otero County
Detention Center, et al.

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Erick Ruben Soto Muniz's Petition for a Writ of Habeas Corpus, Request for Temporary Restraining Order, Immediate Release, and Production of Detention Documents ("Petition"). Doc. 1. Soto Muniz is a Mexican citizen who entered the United States without inspection. Doc. 1 at 2; Doc. 6 at 1. He was subsequently detained and charged with removability pursuant to Immigration and Nationality Act ("INA") 212(a)(7)(A)(i)(I). Doc. 1 at 2; Doc. 6-2 at 4; Doc. 6-7. Thereafter, Soto Muniz received two custody redetermination hearings: on August 14, 2026, an Immigration Judge ("IJ") denied Soto Muniz's request for release, finding that he was a flight risk not mitigatable by bond, and on September 9, 2026, an IJ denied Soto Muniz's request for reconsideration, finding that he was a danger to the community and a flight risk. Doc. 6-5; Doc. 6-6. Soto Muniz timely appealed to the Board of Immigration Appeals, which remains pending. Doc. 7 at 2-3; Doc. 8 at 2-3. Soto Muniz filed this Petition in the interim seeking immediate release. Doc. 1 at 7-8; Doc. 7 at 6-7.

This Court may not lawfully review an IJ's finding that a person is a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment

regarding the application of this section shall not be subject to review.). The Court's jurisdiction over bond-eligibility determinations is limited to constitutional challenges to the "extent of the Government's detention authority under the [INA's] 'statutory framework' as a whole." *Jennings v. Rodriguez*, 583 U.S. 281, 295-96 (2018). In all other instances, the proper means for challenging an IJ's determination of bond ineligibility is by an appeal to the BIA. *See* 8 C.F.R. § 1236.1(d)(3).

Here, two IJs have made discretionary determinations that Soto Muniz is a flight risk and poses a danger to the community. The Court therefore has no legal authority to grant the relief requested, and it lacks jurisdiction to intervene. Accordingly, given the facts and legal arguments presented, the Court must deny Soto Muniz's Petition for Writ of Habeas Corpus.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA